**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SENIOR CARE GROUP, INC., | Case No. 8:17-bk-6562-CPM |
| | *Jointly Administered with:* |
| KEY WEST HEALTH AND REHABILITATION CENTER, LLC, | Case No. 8:17-bk-6580-CPM |
| SCG BAYWOOD, LLC, | Case No. 8:17-bk-6563-CPM |
| SCG GRACEWOOD, LLC, | Case No. 8:17-bk-6564-CPM |
| SCG HARBOURWOOD, LLC, | Case No. 8:17-bk-6572-CPM |
| SCG LAURELLWOOD, LLC, | Case No. 8:17-bk-6576-CPM |
| THE BRIDGES NURSING AND REHABILITATION, LLC, | Case No. 8:17-bk-6579-CPM |
| Debtors. _____ / | |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF SCG BAYWOOD, LLC, SCG GRACEWOOD, LLC, SCG HARBOURWOOD, LLC, AND SCG LAURELLWOOD, LLC FOR ENTRY OF AN ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS TO TL CAPITAL MANAGEMENT, LLC, (II) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND/OR ASSIGNMENT BY THE DEBTORS OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) APPROVING BREAK UP FEE AND MINIMUM OVERBID AMOUNT, (IV) APPROVING FORM AND MANNER OF NOTICE OF BID PROCEDURES, AND (V) SETTING OBJECTION DEADLINES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Senior Care Group, Inc. ("Senior Care") and each of its affiliated debtors and debtors-in-possession (the "Debtors"), by and through its undersigned proposed counsel, hereby objects (the "Objection") to the Motion of SCG Baywood, LLC, SCG Gracewood, LLC, SCG Harbourwood, LLC, and SCG Laurellwood, LLC for Entry of an Order (I) Approving Bid Procedures in Connection with the Sale of

Substantially All of Their Assets to TL Capital Management, LLC, (II) Establishing Procedures for the Assumption and/or Assignment by the Debtors of Certain Executory Contracts and Unexpired Leases, (III) Approving Break Up Fee and Minimum Overbid Amount, (IV) Approving Form and Manner of Notice of Bid Procedures, and (V) Setting Objection Deadlines (Doc. No. 196) (the "Motion") on the limited bases stated herein. In support of this limited Objection, the Committee states as follows:

## BACKGROUND

1. On July 27, 2017 (the "Petition Date"), the Debtors commenced the above-captioned Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "Court").

2. Pursuant to an order of this Court dated July 31, 2017, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only under *In re: Senior Care Group, Inc., Case No. 8:17-bk-6562-CPM* (Doc. No. 6).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On August 18, 2017, the Office of the United States Trustee appointed the Committee.

**LIMITED OBJECTION**

6. The Motion seeks approval of procedures (the "Bid Procedures") for the sale of substantially all of the assets (the "Woods Assets") of Debtors SCG Baywood, LLC, SCG Gracewood, LLC, SCG Harbourwood, LLC, and SCG Laurellwood (the "Woods Debtors").

7. The Committee is supportive of the prompt sale of the Woods Assets and has been actively involved with the Debtors and others in the formation of the Bid Procedures proposed by the Debtors.

8. The only issue the Committee has with the proposed Bid Procedures relates to the deadline for the Sale Hearing (December 8, 2017) (Motion ¶20(b)) and the related Bid Deadline (five business days prior to the Sale Hearing, or December 1, 2017) ( (Motion ¶20(c)).

9. Assuming the Bid Procedures Order is entered on the current hearing date, November 9, 2017, bidders with an interest in the Woods Assets will have only three weeks to submit bids.

10. The Committee understands that the Woods Assets were listed with a broker and exposed to the market prior to the Petition Date and that the broker has continued its marketing since the Petition Date.

11. The Committee also understands that those pre-petition and post-petition marketing efforts reduce, to some extent, the importance the time between the entry of the Bid Procedures Order and the Bid Deadline.

12. However, three weeks from Bid Procedures Order to Bid Deadline still strikes the Committee as being too short.

13. The Committee's concern is driven by the possibility that viable bidders may exist who have not yet been involved in the sale process and who, if given only three weeks to evaluate the opportunity, might pass.

14. While there is no science to the trade-off between the soonest possible sale of the Woods Assets (which, subject to the concerns stated in paragraph 16, below, the Committee fully supports), on the one hand, and additional time for prospective bidders to get involved, on the other, the Committee thinks that, on balance, the Debtors would be benefited by providing a little more time.

15. As a result, the Committee requests that the Bid Procedures set (a) a Sale Hearing Date on or about December 19, 2017, (b) a Bid Deadline on or about December 13, 2017, and (c) an auction date, if needed, on or about December 15, 2017.

16. While not relevant to the Bid Procedures, the Committee does believe it is important to state that, while it is generally supportive of efforts to promptly sell the Woods Assets, it would strenuously object to any sale which left the estates of the Woods Debtors administratively insolvent or did not provide enough proceeds to fund a reasonable distribution to unsecured creditors. In the view of the Committee, any such sale would not benefit the Woods Debtors' estates. The Committee will address this issue in more detail, if necessary, in connection with any objections to the Sale Motion.

**WHEREFORE,** the Committee objects to the Motion on the foregoing limited bases.

Dated: November 8, 2017

                Respectfully submitted,

                */s/ Megan W. Murray*
                LORI V. VAUGHAN
                Florida Bar No. 0154921
                lvaughan@trenam.com
                MEGAN W. MURRAY

Florida Bar No. 0093922
Mwmurray@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Telephone: (813) 223-7474

*-and-*

Robert Lapowsky, Esquire
Stevens & Lee, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone: (215) 751-2866
E-mail:  rl@stevenslee.com

*Attorneys for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2017 a true and correct copy of the foregoing LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF SCG BAYWOOD, LLC, SCG GRACEWOOD, LLC, SCG HARBOURWOOD, LLC, AND SCG LAURELLWOOD, LLC FOR ENTRY OF AN ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS TO TL CAPITAL MANAGEMENT, LLC, (II) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND/OR ASSIGNMENT BY THE DEBTORS OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) APPROVING BREAK UP FEE AND MINIMUM OVERBID AMOUNT, (IV) APPROVING FORM AND MANNER OF NOTICE OF BID PROCEDURES, AND (V) SETTING OBJECTION DEADLINES was served via the Court's CM/ECF Noticing System to all registered CM/ECF recipients and to the United State Trustee – TPA.

*/s/ Megan W. Murray*
Attorney